IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RYAN CASTANEIRA, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|    v. | : | |
| | : | |
| SONNY PERDUE, Governor; and | : | CIVIL ACTION NO |
| THURBERT BAKER, Attorney | : | 1:10-CV-3385-TWT |
| General, | : | |
|    Defendants. | : | |

**ORDER AND OPINION**

Plaintiff, *pro se*, is confined in the Dooly State Prison in Unadilla, Georgia. He has been granted leave to proceed *in forma pauperis* in this case, which is before the Court for a frivolity review under 28 U.S.C. § 1915A. Plaintiff's motion for leave to amend petition and for service of petition [8] is also pending before the Court.[1]

As discussed below, the Court finds that it lacks jurisdiction over this case because Plaintiff does not have standing to pursue the relief he seeks. Even if Plaintiff had standing, his claims are not cognizable under 42 U.S.C. § 1983.

---

[1] In his motion, Plaintiff seeks to amend the form, but not the substance, of the "Statement of Claim" portion of his amended petition and asks the Court to direct service of the amended petition on Defendants. (Doc. 8.)

**I.  Background**[2]

On October 2, 2009, a jury in the Superior Court of Fayette County, Georgia convicted Plaintiff of violating Georgia's Computer or Electronic Pornography and Child Exploitation Prevention Act of 2007, attempted child molestation, attempted enticement of a child for indecent purposes, and possession of less than one ounce of marijuana. The case stemmed from a police sting operation, in which Plaintiff attempted to meet a person posing as a minor after communicating with that person on the internet. The state court sentenced Plaintiff to ten years in prison, among other things. Plaintiff has several post-trial motions pending with the state court, including a motion for new trial. The state court has tentatively scheduled those motions for hearing in January 2011.

In this suit, Plaintiff seeks a declaratory judgment, invoking 28 U.S.C. §§ 2201-2202, that the Georgia criminal statutes under which he was convicted are unconstitutional. He does not seek monetary damages or release from prison and does not intend this action "to be the direct vehicle through which he achieves relief with respect to his State criminal matter." Plaintiff challenges, both facially and as applied to him, the following statutes: (1) the Computer or Electronic Pornography and Child

---

[2] The Court takes the background facts from Plaintiff's Amended Petition for Declaratory Judgment [5] and presumes them true for purposes of the frivolity review.

2

Exploitation Prevention Act of 2007, O.C.G.A. § 16-12-100.2; (2) the statute criminalizing child molestation, O.C.G.A. § 16-6-4; (3) the criminal attempt statute, O.C.G.A. 16-4-1; and (4) the statute providing the State's jurisdiction over criminal offenses, O.C.G.A. § 17-2-1. Plaintiff contends that those statutes, in whole or in part, violate the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and the Constitution's Commerce Clause.

Plaintiff contends that he has standing to challenge those statutes because he "sincerely and whole-heartedly believes" that the state trial court will set aside his conviction and grant him a new trial and that the State will then prosecute him again under those statutes. He contends that he faces a "real and imminent threat of reprosecution" under the challenged statutes and that this threat creates an actual, continuing controversy between him and Defendants. As further harm, Plaintiff contends that if, after his conviction is set aside, the State delays in re-prosecuting him, he will refrain from engaging in lawful activity on the internet out of fear of violating the allegedly unconstitutional statutes.

**II.     Applicable Law**

3

### A.     The Frivolity Review Standard

A federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

### B.     Standing to Obtain Declaratory Relief

Federal courts must, as a threshold matter, address whether they have jurisdiction over the subject-matter of an action "whenever it may be lacking." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). The Declaratory Judgment Act does not confer jurisdiction on federal courts, but only provides a remedy for claims within a court's jurisdiction. 28 U.S.C. § 2201; *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008).

Standing is a jurisdictional requirement. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). The three constitutional requirements for standing are that: (1) the plaintiff have suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and the challenged conduct of the defendant; and (3) it be likely, and not merely speculative, that a favorable judicial decision will redress the injury. *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003). The plaintiff bears the burden of establishing these requirements. *Id.*

When declaratory relief or prospective injunctive relief is sought, an alleged future injury can satisfy the "injury in fact" requirement if the alleged injury is imminent or "real and immediate" and not merely conjectural or hypothetical. *Id.* at 1265. There must be a "substantial continuing controversy" between adverse parties and a "substantial likelihood" that the plaintiff will suffer injury in the future as a result

5

of the alleged unlawful actions. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346-47 (11th Cir. 1999). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id.* at 1347.

### III.   Analysis

Plaintiff lacks standing to obtain the relief he seeks because the likelihood that he will be subjected in the future to the harm of which he complains – re-prosecution under the allegedly unconstitutional statutes – is not substantial, but instead is speculative and remote. After a week-long criminal trial in state court, Plaintiff was convicted of violating the statutes he challenges in this action. Plaintiff's contention that there were trial errors does not suggest, much less demonstrate, that a new trial and re-prosecution are "impending and inevitable," as he contends. (Doc. 5 at 7.)

In short, there is no continuing controversy between Plaintiff and Defendants unless the jury's verdict is set aside and the State prosecutes Plaintiff again, a chain of events which is "conjectural, hypothetical, or contingent" at best. *See Malowney*, 193 F.3d at 1347. The likelihood of that happening is not "real and immediate" and does not "create a definite, rather than speculative threat of future injury." *See id.* Plaintiff therefore lacks standing to seek declaratory or prospective relief, which is all he seeks

6

in this action. As a result, the Court must dismiss this action. *See Stalley*, 524 F.3d at 1232.[3]

Even if Plaintiff had standing, his claims are not cognizable because success on those claims would necessarily imply the invalidity of his conviction, which has not been overturned or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This is so regardless of the relief Plaintiff seeks. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred . . . no matter the relief sought . . . no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that suit seeking declaratory relief was barred under *Heck*). Moreover, "[i]t is irrelevant that [Plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003); *see also Wilkinson*, 544 U.S. at 81 (observing that the principles underlying *Heck* prevent invalidation of

---

[3] "[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction . . . and is entered without prejudice." *Stalley*, 524 F.3d at 1232; *see also* Fed. R. Civ. P. 41(b) ("[A] dismissal . . . *except one for lack of jurisdiction* . . . operates as an adjudication on the merits." (emphasis added)).

7

a state conviction "indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody").

Plaintiff's allegations – that the criminal statutes under which he was convicted are unconstitutional on their face and as applied to him – clearly are inconsistent with the validity of his conviction and necessarily imply that the conviction is invalid. Federal courts have recognized that *Heck* bars a prisoner's challenge to the constitutionality of statutes under which he was convicted unless the conviction has been overturned or otherwise invalidated. *See, e.g., Lawrence v. McCall*, 238 F. App'x 393, 396 (10th Cir. 2007) ("By finding the sentencing procedures used by Oklahoma here unconstitutional, we would invalidate the plaintiffs' prior sentences. *Heck* does not allow us to so act."); *Goodnow v. County of Roscommon*, No. 2:09-CV-129, 2010 WL 234715, at *1 (W.D. Mich. Jan. 14, 2010) (holding that *Heck* barred state prisoner's declaratory judgment action "challenging the statute on which his [criminal sexual conduct] conviction is based"); *Johnson v. Louisiana*, No. 08-4274, 2009 WL 960564, at *2 (E.D. La. Apr. 7, 2009) (same where "a judgment in [the plaintiff's] favor finding that the challenged statutes are unconstitutional would necessarily imply the invalidity of his conviction for obscenity"); *Green v. Cox*, No. 1:08-CV-432, 2008 WL 4136145, at *3 (W.D. Mich. Sept. 3, 2008) (same as to state prisoner's "claim that Michigan's first-degree murder statute is unconstitutionally vague"); *Cordova v. City*

8

*of Reno*, 920 F. Supp. 135, 137 (D. Nev. 1996) (same as to a plaintiff's "claims that he was convicted of violating a fatally unconstitutional city ordinance"). Because Plaintiff's conviction has not been invalidated, *Heck* would bar his claims in this action even if he had standing to pursue them.

## IV. Conclusion

For the foregoing reasons, this action is **DISMISSED** for lack of subject-matter jurisdiction. Plaintiff's motion for leave to amend petition and for service of petition [8] is **DENIED AS MOOT**.

SO ORDERED, this 9 day of December, 2010.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

AO 72A
(Rev.8/82)